RECORD NUMBER: 13-4336

# United States Court of Appeals
*for the*
# Fourth Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

BOBBY JERMAINE TURRENTINE,

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO

# OPENING BRIEF OF APPELLANT

JONATHAN LEONARD
LAW OFFICE OF
　JONATHAN LEONARD
1171 West Fourth Street
Winston-Salem, NC 27101
(336) 748-0449

*Counsel for Appellant*

CP COUNSEL PRESS • VA – (800) 275-0668

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTORY STATEMENT ....................................................................... 1

STATEMENT OF JURISDICTION ..................................................................... 1

STATEMENT OF ISSUE FOR REVIEW ............................................................ 2

I.    AFTER EXTENSIVE AND THOROUGH RESEARCH, COUNSEL FOR THE APPELLANT HAS CONCLUDED THAT THERE ARE NO MERITORIOUS GROUNDS TO BE RAISED ON HIS BEHALF ON THIS APPEAL ................................................. 2

STATEMENT OF THE CASE .............................................................................. 2

STATEMENT OF THE FACTS ........................................................................... 3

SUMMARY OF THE ARGUMENT .................................................................... 4

ARGUMENT ......................................................................................................... 5

I.    THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING AN UNREASONABLE SENTENCE AT THE DEFENDANT-APPELLANT'S RE-SENTENCING HEARING ....... 5

    STANDARD OF REVIEW ................................................................ 5

    DISCUSSION ..................................................................................... 5

CONCLUSION ...................................................................................................... 9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ADDENDUM (US v. FARMER) ............................................................... A-1

ADDENDUM (US v. STROMAN) ............................................................ A-3

# **TABLE OF AUTHORITIES**

**CASES**

Anders v. California,
    386 U.S. 738 (1967) .................................................................. 3, 4, 5

U.S. v. Green,
    436 F.3d 449 (4th Cir. 2006) ............................................................ 5

United States v. Booker,
    543 U.S. 220 (2005) ......................................................................... 6

United States v. Crump,
    120 F.3d 462 (4th Cir. 1997) ............................................................ 6

United States v. Farmer,
    1 F.3d 1234 (1993) ........................................................................... 7

United States v. Johnson,
    32 F.3d 82 (4th Cir. 1994) ................................................................ 6

United States v. King,
    270 Fed. Appx 261, 265 (2008) ........................................................ 7

United States v. McAllister,
    272 F.3d 228 (4th Cir. 2001) ............................................................ 6

United States v. Pauley,
    511 F.3d 468 (4th Cir. 2007) ............................................................ 6

United States v. Stroman,
    896 F.2d 548 (1990) ......................................................................... 7

United States v. Susi,
    674 F.3d 278 (4th Cir. 2012) ............................................................ 6

## **RULES, STATUTES, AND OTHER AUTHORITIES**

18 U.S.C. § 922(g)(1) .................................................................................... 2

18 U.S.C. § 924(a)(2) .................................................................................... 2

18 U.S.C. § 924(c) ................................................................................. 6, 7, 8

18 U.S.C. § 924(c)(1)(A)(i) ..................................................................... 2, 5, 6

18 U.S.C. § 3553 ........................................................................................... 8

18 U.S.C. § 3741(a) ...................................................................................... 1

21 U.S.C. § 841 ............................................................................................. 6

21 U.S.C. § 841(a)(1) .................................................................................... 2

21 U.S.C. § 841(b)(1)(C) ........................................................................... 2, 6

28 U.S.C. § 1291 ........................................................................................... 1

U.S.S.G. § 2D1.1 ........................................................................................... 7

U.S.S.G. § 3E1.1(a) ...................................................................................... 7

U.S.S.G. § 3E1.1(b) ...................................................................................... 7

U.S.S.G. § 4A1.1 ........................................................................................... 7

Fed. R. App. P. 4(b) ...................................................................................... 1

## INTRODUCTORY STATEMENT

This brief is submitted on behalf of Bobby Turrentine, the Defendant/Appellant in the court below. The Plaintiff/Appellee, the United States of America, was the Prosecution/Plaintiff in the court below.

## STATEMENT OF JURISDICTION

The instant appeal arises from the criminal prosecution of Bobby Turrentine (hereinafter "the Defendant/Appellant") in the District Court for the Middle District of North Carolina. Jurisdiction is conferred upon the Fourth Circuit Court of Appeals pursuant to 18 U.S.C. § 3741(a), 28 U.S.C. § 1291, and Rule 4(b), Federal Rules of Appellate Procedure.

On November 29, 2012, the Defendant/Appellant entered a plea of guilty to Count I and Count II of a three-count Indictment returned April 30, 2012. The court accepted his guilty plea. (See. Plea Agreement, district court docket no. 19, See. Transcript, district court docket no. 28.)

On March 26, 2013 the Defendant/Appellant was sentenced to 20 months imprisonment with 3 years supervised release on Count I. On Count II, the Defendant/Appellant received 60 months imprisonment to run consecutive to the sentence received from Count I and 5 years supervised release. The Defendant/Appellant's supervised release terms would run concurrently. Further, the Defendant/Appellant was assessed a $100 special assessment for each count.

1

(*See*. district court docket no. 20). The Defendant/Appellant filed a Notice of Appeal on May 1, 2013. (See. Notice of Appeal, district court docket no. 21).

## STATEMENT OF ISSUE FOR REVIEW

I. AFTER EXTENSIVE AND THOROUGH RESEARCH, COUNSEL FOR THE APPELLANT HAS CONCLUDED THAT THERE ARE NO MERITORIOUS GROUNDS TO BE RAISED ON HIS BEHALF ON THIS APPEAL.

## STATEMENT OF THE CASE

On April 30, 2012, the Defendant/Appellant was charged pursuant to a three-count Indictment alleging violations of 21 U.S.C. Code §§ 841(a)(1) and (b)(1)(C) Possession with intent to distribute cocaine base ("crack"); 18 U.S.C. §924(c)(1)(A)(i) Possession of a firearm in furtherance of a drug trafficking crime; and 18 U.S.C. §§ 922(g)(1) and 924(a)(2) Felon in possession of a firearm. (district court docket no. 1)

The Defendant/Appellant entered a plea of guilty to Count I and II on November 29, 2012, which was accepted by the court on that date. (*See*. Plea Agreement district court docket no. 19, *See*. Transcript, district court docket no. 28). On March 26, 2013 the Defendant/Appellant was sentenced to 20 months imprisonment with three years supervised release on Count I. On Count II, the Defendant/Appellant received 60 months imprisonment to run consecutive to the sentence received under Count I, and 5 years supervised release. The Defendant/Appellant's supervised release terms would run concurrently. Further,

2

the Defendant/Appellant was assessed a $100 special assessment for each count. On, May 1, 2013, the Defendant/Appellant filed notice of appeal. (*See*. Notice of Appeal, district court docket no. 21).

After thorough research of the complete record of this case, counsel for the Defendant-Appellant has concluded that no meritorious issues can be raised on his appeal. Thus, the instant brief is submitted pursuant to Anders v. California, 368 U.S. 738 (1967).

## STATEMENT OF FACTS

On August 5, 2011, Officer Monte Southerland (hereinafter "Southerland") of the Durham Police Department was on patrol when he observed a gray Dodge (hereinafter "the vehicle") occupied by three males sitting stationary at the intersection of Lyric and North Elizabeth Streets. Southerland continued to observe the vehicle for approximately 20 to 25 seconds. Southerland observed one of the occupants place an item on the center console. A few seconds later, Southerland observed the driver look in his rear view mirror and drive off. Southerland continued to follow the vehicle and saw the driver fail to heed a stop sign. At this point, Officer Southerland engaged his blue lights and siren. Although the vehicle did not exceed the speed limit, it did not stop. Southerland followed the vehicle until it reached a dead end. Southerland was able to block the driver-side door of the vehicle with his patrol car. The front and rear passengers fled from the

3

vehicle. Officer Southerland began to pursue the two passengers. The Defendant-Appellant then exited the vehicle through the passenger-side door. While pursuing the other two passengers, Southland was alerted by another officer that the Defendant-Appellant possessed a firearm. Southern stopped pursuing the passengers, turned around, and saw the Defendant-Appellant toss a silver handgun. The handgun was later determined to be a .44 Amadeo Rossi revolver. (*See* Factual Basis, district court docket no. 18, Pre-Sentence Report paragraph 3). All three suspects were apprehended. Cocaine base ("crack") was later recovered from the vehicle. The substance was analyzed by the North Carolina State Bureau of Investigation and confirmed to be 3.2 grams of cocaine base. (*See* Factual Basis, district court docket no. 18, Pre-Sentence Report paragraph 4).

## SUMMARY OF THE ARGUMENT

Counsel submits the instant brief pursuant to Anders v. California, 386 US 738 (1967). After a thorough review of the Defendant/Appellant's case, Counsel has found no meritorious issues upon which his appeal can be mounted. However, per the Defendant-Appellant's request, Counsel has identified the issues that would normally be raised on appeal.

# ARGUMENT

## I. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING AN UNREASONABLE SENTENCE AT THE DEFENDANT-APPELLANT'S RE-SENTENCING HEARING.

**Standard of Review:**

When reviewing a sentence imposed by the trial court, an appellate court must review a sentence for "unreasonableness." US v. Green, 436 F. 3d 449, 456 (4th Cir. 2006). Whether the lower court acted unreasonably requires the application of an abuse of discretion standard to the lower court's sentence. Id., at 457.

Under the rule enunciated in Anders v. California, in order to affirm the judgment of the District Court, the Court of Appeals must find that the instant appeal is wholly frivolous.

**Discussion:**

The trial court determined that the Defendant/Appellant's advisory Guideline range was 18 months to 24 months for Count I, and sentenced the Defendant/Appellant to 20 months for Count I. On Count II, the Defendant/Appellant received 60 months, which is statutorily required for the offense named in Count II. (*See* Judgment, district court docket no. 20). The maximum possible penalty under count I was not more than 20 years, and the Defendant/Appellant was sentenced to less than 20 years, 18 U.S.C.

5

§924(c)(1)(A)(i). Under Count II, the Defendant/Appellant was eligible for not less than 5 years imprisonment to run consecutively to count I, which was the sentence given by the court. 18 U.S.C. § 924(c)(1)(A)(i). The Defendant/Appellant was sentenced to 3 years of supervised release for Count I. On Count II, the Defendant/Appellant received 5 years of supervised release. (*See* Transcript, district court docket no. 29, Pre-sentence Report). The Defendant/Appellant was sentenced to less than 25 years.

In United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007), the court said, "[t]his abuse of discretion standard of review involves two steps, the first examines the sentence for significant procedural errors, the second looks at the substance of the sentence." Id., at 473. The Guideline range must be taken into account by the district court, but the court is not bound by it. United States v. Booker, 543 U.S. 220, 248 (2005). A sentence within the Guideline range is presumed to be reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In addition, the provisions of 21 U.S.C. § 841 are facially constitutionally valid. United States v. McAllister, 272 F.3d 228, 230 (4th Cir. 2001). The provisions of 18 U.S.C. § 924(c), have consistently withstood constitutional challenge as well. Requiring a 5 years sentence in addition to the sentence imposed for a related crime from which the possession of the firearm arose does not constitute double jeopardy. United States v. Johnson, 32 F.3d 82, 84-85 (4th

6

Cir. 1994). Moreover, 924 (c), which regulates activity that substantially affecting interstate commerce, passes constitutional muster. United States v. Crump, 120 F. 3d. 462, 466 (4th Cir. 1997). Multiple consecutive sentences under 924 (c) do not constitute cruel and unusual punishments, and thus do not violate the principles as set out in the Fifth or Eighth Amendments. United States v. King, 270 Fed. Appx 261, 265 (2008). Further, 924 (c) does not violate the Second Amendment right to bear arms. United States v. Farmer, 1 F. 3d. 1234 (1993) Unpublished. And, a five-year consecutive sentence is the clear intent of congress and not unconstitutional. United States v. Stroman, 896 F. 2d 548, (1990) Unpublished.

In calculating the appropriate Guideline range, the court found that the Defendant/Appellant was accountable for 3.2 grams of cocaine base. (*See*. Judgment, district court docket no. 20, Pre-sentence report paragraph 4). The Defendant/Appellant's.base offense level for Count I was 16. U.S.S.G. §§ 2D1.1, (*See* Transcript, district court docket no. 29, Pre-sentence Report) The court determined that the Defendant/Appellant accepted responsibility for his criminal conduct under U.S.S.G. § 3E1.1(a), and reduced the base offense by 2 levels. Further, the court determined the Defendant/Appellant qualified for an additional decrease in offense level by 1 pursuant to U.S.S.G. § 3E1.1(b). (*See* Transcript, district court docket no. 29)

7

The court determined that the Defendant/Appellant's criminal history category was a III. U.S.S.G. § 4A1.1. The court examined the Guidelines and determined the calculation for an adjusted total offense level of 13 with a criminal history category of III; the applicable guideline imprisonment range was 18 to 24 months with supervised release of not less than 3 years, a fine range of $4,000 to $1,000,000 and a special assessment of $100 was appropriate. (See Transcript, district court docket no. 29).

The guideline provisions for count II were 60 months to run consecutive to count I, a supervised release range of not less than 2 or more than 5 years as well as a fine of not more than $250,000 and a special assessment of $100 was appropriate under the circumstances. (*See* Transcript, district court docket no. 29).

A review of 924(c) reveals that a five-year minimum term of imprisonment and a five-year maximum term of supervised release for violating the statute clearly expresses the intent of congress to punish drug crimes and crimes of violence which invovle a firearm. Further, This Court has held that adding 5 years to a sentence for the related crime from which the possession of the firearm arose does not constitute double jeopardy. Other challenges to 924(c) that were grounded in violations of the Constitution have failed.

In fashioning its' sentence, the court considered the sentencing factors enumerated in 18 U.S.C. § 3553. The court examined the circumstances of the

8

offense: the Defendant/Appellant's prior convictions involving a .40-caliber handgun; multiple sales of cocaine; the need to deter the Defendant/Appellant from any further conduct; the court's desire to protect the public; the Defendant/Appellant's age and mental health issues; and, the need for the sentence to reflect the seriousness of the offense. (See Transcript, district court docket no. 29).

The Defendant/Appellant was sentenced to 20 months imprisonment with 3 years supervised release on Count I. On Count II, the Defendant/Appellant received 60 months imprisonment to run consecutive to Count I and 5 years of supervised release. The Defendant/Appellant's supervised release terms were to run concurrently, and he was assessed a $100 special assessment for each count. The Defendant/Appellant sentence is within the Guideline range. Therefore, the sentence is not unreasonable.

## **CONCLUSION**

There are no appealable issues that can be raised in this appeal.

This the 30th day of July, 2013.

Respectfully submitted,

*/s/Jonathan Leonard*
N.C. State Bar #29317
1171 West Fourth Street
Winston-Salem, 27101
336/748-0449
Fax: 336/748-0442

9

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4336        Caption: US v. Bobby Turrentine

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

   [✓] this brief contains __1,868__ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

   [✓] this brief has been prepared in a proportionally spaced typeface using __MS Word 2010__ [*state name and version of word processing program*] in __Times New Roman, 14 point__ [*state font size and name of the type style*]; *or*

   [ ] this brief has been prepared in a monospaced typeface using _____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s) Jonathan Leonard

Attorney for Appellant

Dated: 7/30/2013

Rev. 03/03/11

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Michael A. DeFranco
Office of the United States Attorney
101 South Edgeworth Street
P. O. Box 1858
Greensboro NC 27401-0000
336-333-5351
usancm.ecfcentral@usdoj.gov


*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664


Filing and service were performed by direction of counsel



Page 1

1 F.3d 1234, 1993 WL 310285 (C.A.4 (W.Va.))
**(Table, Text in WESTLAW), Unpublished Disposition**
**(Cite as: 1 F.3d 1234, 1993 WL 310285 (C.A.4 (W.Va.)))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. See CTA4 Rule 32.1.

United States Court of Appeals,
Fourth Circuit.
UNITED STATES of America, *Plaintiff-Appellee,*
v.
Bedford Eugene FARMER, *Defendant-Appellant.*

No. 92-5859.
Submitted: July 27, 1993.
Decided: August 17, 1993.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-92-174)
David M. Katz, Bluefield, West Virginia, for Appellant.

Michael W. Carey, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

S.D.W.Va.

AFFIRMED.

Before ERVIN, Chief Judge, and MURNAGHAN and LUTTIG, Circuit Judges.

OPINION
PER CURIAM:

*1 Bedford Eugene Farmer appeals from his conviction for violating 18 U.S.C.A. § 924(c) (West Supp. 1993), use of a firearm during and in relation to a drug offense.[FN1] He raises five allegations on appeal. After a careful review of the record, we affirm Farmer's conviction.

In June 1992, the West Virginia State Police received information that Farmer was involved in the distribution of oxycodone. The informant who provided this information to the police, Mark Boyce Roberts, agreed to cooperate with the police. A drug transaction was arranged at Farmer's home with an undercover officer, Bobby Bowman, posing as a drug supplier from North Carolina. Bowman and Roberts showed up at Farmer's home and sold him the oxycodone. Roberts then asked Farmer, who also sold guns, if he had any weapons for sale. At this time Farmer removed a loaded .38 caliber revolver from under his chair. At the same time, the police entered the house. Officer Bowman attempted to take the gun from Farmer, but Farmer refused to relinquish it and, according to Bowman, attempted to fire the weapon. After the .38 was removed from Farmer, Farmer reached for a .22 caliber Derringer holstered on his belt. This gun was also taken from him, and he was arrested. Based on these facts, the jury convicted Farmer of violating § 924(c).

Farmer's first assertion is that he was denied an impartial jury because one of the questions asked of potential jurors during voir dire was prejudicial.[FN2] To successfully prove this claim, the burden of showing prejudice from the alleged error falls on the defendant. *United States v. Griley,* 814 F.2d 967, 974 (4th Cir. 1987). Farmer suffered no prejudice from the question, because, as he acknowledges, none of the jurors answered the question affirmatively. Thus, they could not have been influenced by any possible suggestion present in the inquiry.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

1 F.3d 1234, 1993 WL 310285 (C.A.4 (W.Va.))
**(Table, Text in WESTLAW), Unpublished Disposition**
**(Cite as: 1 F.3d 1234, 1993 WL 310285 (C.A.4 (W.Va.)))**

Second, Farmer claims that the district court erred in denying his motion for acquittal on the § 924(c) count. We review a denial of a motion for acquittal to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt, viewing the evidence in a light most favorable to the prosecution. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). To sustain a conviction under § 924(c), the "weapon need not be brandished or displayed." *United States v. Paz,* 927 F.2d 176, 179 (4th Cir. 1991). All that is required is that the gun be "present and accessible, ... and there is little question that its presence would help facilitate the success of the criminal undertaking." *Id.* In the present case, Farmer brandished the gun at the officers and attempted to use it. Hence, the evidence was sufficient to support his conviction on this charge.

In his third challenge to his conviction Farmer claims that § 924(c) is unconstitutional because it violates the Second Amendment of the Constitution. Section 924(c) does not prohibit people from keeping and bearing firearms; rather, it criminalizes the use of a gun during a drug offense. 18 U.S.C.A. § 924(c); *see United States v. King,* 532 F.2d 505, 510 (5th Cir. 1976) (section 924(a) does not violate Second Amendment's provision concerning right to bear arms). Consequently, it does not run afoul of the constitutional provisions in the Second Amendment; this claim is meritless.

**\*2** Farmer's fourth claim includes a variety of challenges to his trial attorney's effectiveness. However, claims of ineffective assistance of counsel should be raised in a motion under 28 U.S.C.§ 2255 (1988) in district court where the record can be more fully developed, and not on direct appeal, unless the error conclusively appears on the trial record. *United States v. DeFusco,* 949 F.2d 114, 120-21 (4th Cir. 1991), *cert. denied,* 60 U.S.L.W. 3717 (U.S. 1992). Because that is not the case here, these claims are more appropriately raised in a § 2255 motion.

Finally, Farmer asserts that the district court erred in denying his motion for a new trial. Farmer sought a new trial on the grounds that the district court failed to instruct the jury that a conviction on count two, possession with intent to distribute, was a predicate for a conviction under § 924(c), and that no instruction was given as to Farmer's constitutional right to bear arms. Even if the district judge erred in not instructing the jury that count two was a predicate to count three, the error was harmless because Farmer was convicted of all counts. As to the latter claim, because there was no objection to this instruction in the district court, appellate review is waived. *United States v. Bryant,* 612 F.2d 799, 803 (4th Cir. 1979), *cert. denied,* 446 U.S. 919 (1980).

Accordingly, we affirm Farmer's conviction.

*AFFIRMED*

FN1. Farmer was also convicted of conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846 (1988), and possession with intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1) (1988). He does not challenge these convictions.

FN2. The question at issue was, "Do you believe in the right to bear arms to the extent of allowing individuals to carry weapons regardless of what the law prohibits?"

C.A.4,1993.
U.S. v. Farmer
1 F.3d 1234, 1993 WL 310285 (C.A.4 (W.Va.))

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.



Page 1

896 F.2d 548, 1990 WL 12771 (C.A.4 (S.C.))
**(Table, Text in WESTLAW), Unpublished Disposition**
**(Cite as: 896 F.2d 548, 1990 WL 12771 (C.A.4 (S.C.)))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. See CTA4 Rule 32.1.

United States Court of Appeals, Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin Barney STROMAN, a/k/a Calvin Stroman, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Jerry STROMAN, Defendant-Appellant.

Nos. 89-5563, 89-5564.
Argued: Nov. 3, 1989.
Decided: Jan. 26, 1990.

D.S.C.

AFFIRMED.

Appeals from the United States District Court for the District of South Carolina, at Orangeburg. Falcon B. Hawkins, District Judge. (CR-88-275)
Barry H. Johnson (James E. Whittle, Jr. (Johnson, Johnson, Maxwell, Whittle, Snelgrove & Weeks, on brief); William T. Toal (I.S. Leevy Johnson, Johnson, Toal & Battiste, on brief), for appellants.

Albert Peter Shahid, Jr., Assistant United States Attorney (E. Bart Daniel, United States Attorney; Marvin J. Caughman, Assistant United States Attorney, on brief, for appellee.

Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.

PER CURIAM:

**\*1** Larry and Calvin Stroman, brothers, appeal their convictions of armed bank robbery (18 U.S.C. § 2113(a)) and use of a firearm in the commission of a crime of violence (18 U.S.C. § 924(c)). We affirm.

Immediately following their arrest, Calvin Stroman made certain incriminating statements which were introduced at the brothers' joint trial with all reference to Larry Stroman excised. The trial court gave an appropriate limiting instruction. Neither defendant testified. Larry Stroman contends on appeal that admission of Calvin's statements were prohibited by the Supreme Court's ruling in *Bruton v. United States,* 391 U.S. 123 (1968), that a defendant is deprived of the right of confrontation when a nontestifying codefendant's confession naming him as a participant is introduced at their joint trial, even if the jury is instructed not to consider the confession against him. *Bruton* makes an exception to the general rule that juries are presumed to follow their instructions on the ground that it would be too difficult to disregard a confession that expressly implicates a codefendant. More recently, the Supreme Court has held that when a confession does *not* expressly implicate the codefendant, and the jury must independently discern a link between the defendant and the codefendant's confession, it can be presumed that the jury will follow the limiting instruction. *Marsh v. Richardson,* 481 U.S. 200 (1987). Under *Marsh,* a redacted statement from which all reference to the defendant has been eliminated does not violate the Confrontation Clause. As Calvin Stroman's statements had been properly redacted, they did not incriminate Larry Stroman and were admissible under *Marsh.*

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

A-3

896 F.2d 548, 1990 WL 12771 (C.A.4 (S.C.))
**(Table, Text in WESTLAW), Unpublished Disposition**
**(Cite as: 896 F.2d 548, 1990 WL 12771 (C.A.4 (S.C.)))**

Calvin Stroman maintains that the car in which he and his brother were riding was stopped in violation of the Fourth Amendment and that all evidence taken from the car should have been suppressed. However, the sheriff who stopped their car, having just received a report from a convenience store that two black males had been acting suspiciously there, had been using red-stained money, and had driven away in a silver Chevrolet Nova, had a reasonable articulable suspicion of criminal activity sufficient to justify an investigative stop. The Stromans and their car fit this description and the investigative stop did not violate the Fourth Amendment.

Finally, both defendants argue that the consecutive five-year sentence each received for conviction under 18 U.S.C. § 924(c) is unduly harsh and that sentencing guideline § 2K2.4, which mandates a separate five-year sentence for a violation of § 924(c), is unconstitutional. The consecutive five-year sentence is clearly intended by Congress, which has the power to make a sentence mandatory, *Lockett v. Ohio,* 438 U.S. 586, 602 (1978), and the sentencing guidelines have been held to be constitutional. *United States v. Mistretta,* 488 U.S. 361, 57 U.S.L.W. 4102 (1989). The convictions are accordingly affirmed.

**\*2** *AFFIRMED.*

C.A.4 (S.C.),1990.
U.S. v. Stroman (Galvin Barney)
896 F.2d 548, 1990 WL 12771 (C.A.4 (S.C.))

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.